**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

UNIVERSAL WASTE SYSTEMS, INC.,
a foreign corporation,
a/k/a UNIVERSAL WASTE SYSTEMS OF
NEW MEXICO, a foreign LLC,

Plaintiff,

v. Case No. 1:26-cv-00834-KWR-SCY

THE CITY OF BELEN, NEW MEXICO,

Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss. Mot. Dismiss, Doc. 15. This matter arises from a contract dispute between Plaintiff and Defendant. *See generally* First Am. Compl., Doc. 14. Defendant argues that dismissal is warranted because the Contract contains an exclusive, mandatory forum selection clause that fixes venue in New Mexico state court. Mot. at 7–11. In the alternative, Defendant argues that dismissal is proper because Plaintiff fails to state a claim upon which relief may be granted and "all equitable claims are independently barred by governmental immunity." *Id.* at 11–23. Finally, Defendant urges the Court to decline supplemental jurisdiction over the remaining state-law claim, not originating directly from the Contract. *Id.* 23–25. Plaintiff responds, first, that "the venue selection clause does not validly select a state court venue to the exclusion of federal court." Resp. Mot. Dismiss at 1–5, Doc. 17. The remainder of Plaintiff's Response is spent rebutting Defendant's alternative arguments. *See id.* at 6–18.

Because the Court finds that the Contract contains a valid, mandatory forum selection clause that dictates venue exclusively lies in New Mexico state court for matters arising directly out of the contract, the Court dismisses the action as to Plaintiff's Counts 1 through 5, which originate directly from the Contract. The forum selection clause does not reach Plaintiff's Count 6, which arises under the Inspection of Public Records Act ("IPRA"), rather than any term from the Contract, and thus the Court does not currently dismiss Count 6. As the forum selected is a state court, not a federal court, the Court enforces the selection through *forum non conveniens*, not Rule 12(b)(3). The Court does not reach Defendant's alternative arguments.

Having reviewed both parties' briefing and the applicable law, the Court finds that Defendant's Motion is well-taken and, therefore, is **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff, a solid waste hauler company, contracted with Defendant, the City of Belen, NM, to provide solid waste collection services. Am. Compl. ¶¶ 12–14. The Contract provides a four-year initial term beginning on August 1, 2022, and an eight-year automatic extension conditioned on satisfactory service as determined by Defendant. Compl. 1-1 at 1, Doc. 1. The terms of the Contract also state that "[Defendant] hereby grants [Plaintiff] the exclusive rights during the term of this [C]ontract to perform all solid waste collection, disposal and management of all residential, commercial and roll off services for residents, business, and other enterprises . . . ." *Id.*; Am. Compl. ¶¶ 11, 14, 17.

The instant dispute arises from an alleged violation of the Contract by Defendant. *See generally* Am. Compl. Specifically, Plaintiff alleges that Defendant violated the exclusivity clause and automatic extension clause. *Id.* Plaintiff's Complaint alleges six counts, five of which arise directly from the purported contract violations: (1) breach of contract, (2) breach of contract—

specific performance, (3) breach of the duty of good faith and fair dealing, (4) declaratory judgment, (5) promissory estoppel, (6) violation of the IPRA. *Id.* ¶¶ 50–103.

Among the Contract's provisions is a forum selection clause. In relevant part, the clause states:

> The laws of the State of New Mexico shall govern this Agreement, without giving effect to its choice of law provision. Venue shall be proper only in a New Mexico Valencia District Court in accordance with Section 38-3-1 (G) NMSA 1978. By execution of this Agreement, Contractor acknowledges and agrees to the jurisdiction of the courts of the State of New Mexico over any and all lawsuits arising under or out of any term of this Agreement.

Compl. 1-1 at 9. On May 6, 2026, Defendant filed its Motion to Dismiss. *See generally* Mot. Plaintiff responded to the Motion on May 18, 2026, and Defendant replied on June 1, 2026. *See generally* Resp.; Reply Supp. Mot. Dismiss, Doc. 18.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) "are not proper mechanisms to enforce a forum-selection clause"; instead, "the *forum non conveniens* doctrine provide[s] appropriate enforcement mechanisms." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 61 (2013). Because § 1404(a) authorizes transfer only to another federal district, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60. "And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61 (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 37 (1988) (Scalia, J., dissenting)).

Ordinarily, a court weighs the private interests of the litigants and the public interest, giving substantial deference to the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235,

241, 255–56 (1981). A valid forum selection clause changes that calculus. *Atl. Marine*, 571 U.S. at 63–64. "First, the plaintiff's choice of forum merits no weight." *Id.* at 63. To this end, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agree." *Id.* at 64. Second, the court does "not consider arguments about the parties' private interests." *Id.* at 64. By agreeing to the clause, the parties waived any argument that the chosen forum is inconvenient, so those factors are deemed to weigh entirely in favor of the selected forum. *Id.* The court may consider only public interest factors. *Id.* These factors include administrative difficulties from court congestion, the local interest in having localized controversies decided at home, and the interest in having a case decided in a forum familiar with the governing law. *Id.* at 62. n. 6. Third, a party who flouts the clause and sues elsewhere does not carry the original forum's choice-of-law rules with it. *Id.* at 64–65.[1] Ultimately, the forum selection clause "should control except in unusual cases." *Id.* at 64.

Federal law governs enforceability, while the forum selection clause is interpreted under the law the contract chooses. *See Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 n. 2 (10th Cir. 2019); *see also Yavuz v. 61 MM Ltd.*, 465 F.3d 418, 427–28, 430 (10th Cir. 2006); *Stewart*, 487 U.S. at 32 ("Federal law . . . governs the District Court's decision whether to give effect to the parties' forum selection clause."). However, "the Tenth Circuit has not drawn rigid distinctions between State and federal law when interpreting forum selection clauses, and has applied federal law to interpret these clauses when 'there are no material discrepancies between [State] law and federal common law on these matters.'" *Howes v. N.M. Dep't of Health*, No. CIV

[1] This third factor matters chiefly for transfer between federal courts. It is inapposite here, where the remedy is dismissal and New Mexico law governs in either forum.

21-0263 JB/SCY, 2023 WL 1419832, at *20 (D.N.M. Jan. 31, 2023) (unpublished) (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320-21 (10th Cir. 1997)).

While there is no definitive framework from the Tenth Circuit, the Court first determines whether the forum selection clause controls. *Kelvion*, 918 F.3d at 1091. That inquiry revolves around the determination of (1) whether the forum selection clause is valid, (2) whether it is ambiguous, and (3) whether it is mandatory or permissive. *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.,* 428 F.3d 921, 925–27 (10th Cir. 2005). First, a forum selection clause is prima facie valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause will be enforced as valid unless the party challenging it "clearly show[s] that . . . the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15; *see also Am. Soda*, 428 F.3d at 927. Additionally, any fraud must go to the clause itself, not the contract as a whole. *Niemi v. Lasshofer*, 770 F.3d 1331, 1351–52 (10th Cir. 2014). Second, a forum selection clause is ambiguous if the clause's language does not make clear whether it includes both federal and state courts, or only federal. *See Am. Soda*, 428 F.3d at 925–26. Third, whether a forum selection clause is mandatory or permissive turns on the language it uses. A clause that designates a particular venue in mandatory or obligatory terms is mandatory; one that specifies only jurisdiction is permissive unless other language demonstrates that the parties intended exclusivity. *Id.* at 926–27.

Even if a forum selection clause controls, enforcement of a forum selection clause may also be refused if it would contravene a strong public policy of the forum declared by statute or by judicial decision, or if the chosen forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court. *M/S Bremen*, 407 U.S. at 15, 18. The inconvenience bar is very high. *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969

F.2d 953, 958 (10th Cir. 1992) ("Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause."); *see also Howes*, 2023 WL 1419832, at *22–23.

A valid, mandatory clause controls only the claims within its scope, which is determined under ordinary principles of contract interpretation. *Kelvion*, 918 F.3d at 1092. To decide whether claims fall within a forum selection clause, the Tenth Circuit has considered whether they arise directly from the agreement, depend on the agreement's existence, require interpretation of the agreement, and involve the same operative facts as a claim for breach. *Id.* at 1093. The forum selection clause's language is significant: language such as "related to" reaches more broadly than "arising from." *See id.* (contrasting broadening language).

Finally, if the forum selection clause controls, the Court weighs only the public interest factors to decide whether this is the unusual case that demands disregarding the clause. *Kelvion*, 918 F.3d at 1094 ("Having determined the forum-selection clause applies, we will 'not consider arguments about the parties' private interests' and 'may consider arguments about public-interest factors only.'") (quoting *Atl. Marine*, 571 U.S. at 64).

## DISCUSSION

The Court construes Defendant's Motion to Dismiss under Rule 12(b)(3) as a *forum non conveniens* motion. The Court finds that Defendant's arguments are well-taken and concurs that the forum selection clause, designating New Mexico state court, in Plaintiff and Defendant's Contract is valid, unambiguous, and mandatory. Further, the Court finds that the forum selection clause does not rise to the necessary level of inconvenience to negate its effect, nor does enforcing

the clause contravene public policy or the public interest. Therefore, the Court dismisses the action as to Counts 1 through 5, which arise directly out of the contract.

## I. The Court construes Defendant's Motion as a motion to dismiss under the doctrine of *forum non conveniens*.

Federal courts have broad powers to look beyond the caption and language of a motion to the underlying substance and requested relief. *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1385 (10th Cir. 2009) (a "court must look beyond the caption to the essential attributes of the motion itself"; the caption "is not dispositive" and "to look only at the caption of a motion would violate the spirit of notice pleading embodied in our Federal Rules of Civil Procedure"); *see also Dodson Int'l Parts, Inc. v. Williams Int'l Co., LLC*, 12 F.4th 1212, 1229 (10th Cir. 2021); *Owen v. Kronheim,* 304 F.2d 957, 959 (D.C. Cir. 1962) ("The liberality of the new Federal Rules is such that erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.").

Here, a motion to dismiss under Rule 12(b)(3) is an erroneous mechanism to apply a forum selection clause to a federal court where the selected forum sits at the state level. Rule 12(b)(3) is "not [a] proper mechanism[] to enforce a forum-selection clause." *Atl. Marine*, 571 U.S. at 61. Rather, "the *forum non conveniens* doctrine provide[s] appropriate enforcement mechanisms." *Id.* A peer court in the Tenth Circuit applied this very rule and construed a Motion to Dismiss under Rule 12(b)(3) based on a forum selection clause as though it was originally brought under the doctrine of *forum non conveniens*. *See Cass v. Balboa Capital Corp.*, No. CIV–13–483–SPS, 2015 WL 1428076, at *1 (E.D. Okla. Mar. 27, 2015) (unpublished) ("Although the Defendant has filed the pending Motion to Dismiss under Rule 12(b)(3), the proper mechanism for obtaining dismissal is the doctrine of *forum non conveniens,* and the Court therefore construes the Defendant's Motion as such."); *see also PNC Bank, N.A. v. Akshar Petroleum, Inc.,* No. 3:13–CV–436–J–34PDB, 2014

WL 1230689, at *3 (M.D. Fla. March 25, 2014) (unpublished) (converting Rule 12(b)(3) dismissal motion to dismissal under *forum non conveniens*). Therefore, here, where Defendant briefed the forum selection clause properly but misapplied an improper motion mechanism to seek its requested relief, the Court easily construes Defendant's Motion as though it was brought under the doctrine of *forum non conveniens*.

**II. <u>The forum selection clause is valid, unambiguous, and mandatory</u>.**

**A. The forum selection clause is valid.**

Forum selection clauses are prima facie valid. *M/S Bremen*, 407 U.S. at 10. Indeed, under *Atl. Marine*, "[o]ur analysis presupposes a contractually valid forum-selection clause." 571 U.S. at 62 n. 5. A forum selection clause will be enforced as valid unless the party challenging it "clearly show[s] that . . . the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15; *see also Am. Soda*, 428 F.3d at 927. Additionally, any fraud must go to the clause itself, not the contract as a whole. *Niemi v. Lasshofer*, 770 F.3d 1331, 1351–52 (10th Cir. 2014). Additionally, "[t]he Supreme Court has rejected the notion that the parties must negotiate specifically a forum selection clause for it to be enforceable." *Howes*, 2023 WL 1419832, at *22 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) ("[W]e do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining.")).

Here, the forum selection clause is valid because it is not the result of fraud or overreaching. Plaintiff only argues that Defendant's attorney added the clause late in drafting. Resp. at 2–3. A provision added late does not implicate fraud, and Plaintiff does not argue that Defendant concealed or misrepresented the forum selection clause. Provisions are regularly added throughout the drafting phase of a contract—thus, a late addition is far from anomalous and does not

necessitate any greater scrutiny. Plaintiff likewise made no argument as to relative bargaining power to signal any overreaching. No allegations suggest that the Contract was the result of coercion. A freely negotiated commercial agreement, "unaffected by fraud, undue influence, or overweening bargaining power . . . should be given full effect." *M/S Bremen*, 407 U.S. at 12–13.

**B. The forum selection clause unambiguously selects New Mexico state court.**

The Court determines whether the forum selection clause is ambiguous about which courts it selects. If the forum selection clause is ambiguous as to the courts it selects—i.e., if the clause reaches both federal and state courts in New Mexico—then there would be no need to decide whether the clause is mandatory or permissive. *Am. Soda*, 428 F.3d at 925. A forum selection clause that fixes venue in a particular state county "strongly points to the state court of that county" and not the federal courts within that county. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Additionally, when a forum selection incorporates or references a state statute to confer or otherwise control jurisdiction, it is strong indicia of unambiguous state court selection. *See Howes*, 2023 WL 1419832, at *60–61. Last, a forum selection clause that relies on the word "of" when defining the sweep of courts, rather than "in," refers to state courts to the exclusion of federal courts because "of" is a term of sovereignty, not of geography. *Am. Soda*, 428 F.3d at 925–26 (finding that the phrase "[t]he Courts of Texas" referred exclusively to Texas state courts).

Here, the forum selection clause unambiguously, exclusively points to the New Mexico state court. First, as in *Milk 'N' More*, the forum selection clause expressly names a New Mexico county—Valencia County. Compl. 1-1 at 9 ("Venue shall be proper only in a New Mexico Valencia District Court . . . ."). Second, as in *Howes*, the forum selection clause incorporates a New Mexico venue statute that governs only the New Mexico state courts. *Id.* (citing to "Section

38-3-1 (G) NMSA 1978"). Third, as in *Am. Soda*, the forum selection clause refers exclusively to the state courts with sovereignty, and not geography, terminology. *Id.* ("Contractor acknowledges and agrees to the jurisdiction of the courts *of* the State of New Mexico . . . .") (emphasis added).

Plaintiff argues that the forum selection clause displays ambiguity because no New Mexico state court is called "New Mexico Valencia District Court"—the name used in the clause. Resp. at 2. While Plaintiff correctly states that no New Mexico state court has such a title, the forum selection clause's trivial imprecision does not demonstrate ambiguity. Imprecision does not necessarily translate to ambiguity, and imprecise language that identifies only one possible court does not invoke ambiguity. The Thirteenth Judicial District Court of New Mexico sits in Valencia County, and it can be commonly referred to as the Valencia County District Court. Moreover, it is the only district court in Valencia County.[2]

Additionally, Plaintiff argues that NMSA 1989, § 38-3-1(G), which the forum selection clause contains as a venue selection statute, governs solely suits against state officers such that the clause cannot apply to a suit against Defendant, creating ambiguity and rendering the clause inapplicable. Resp. at 3. Addressing an analogous argument in a case that factually resembles the instant one, this Court reasoned that courts are to consider "the documents as a whole to determine how they should be interpreted," *Rojas v. Reliable Chevrolet (NM), LLC*, 539 P.3d 1253, 1257 (N.M. Ct. App. 2023), and found that the language from NMSA 1989, § 38-3-1(G) in the forum selection clause did not preclude the applicability of the clause to a state entity. *See N.M. Pub. Schs. Ins. Auth. v. Express Scripts, Inc.*, No. 23-1034 MV/GBW, 2024 WL 3648345, at *3–4 (N.M.D. Aug. 5, 2024) (unpublished). This Court found that when the statute's conditions are present, it directs the suit to the proper county. *Id.* at *5. Nonetheless, even in absence of the

---

[2] https://thirteenthdistrict.nmcourts.gov/about-this-district/our-courts/.

statute's conditions, "the broader directive . . . still governs." *Id.* The Court applies this same reasoning to the instant case, and the broader directive here governs that suits arising from Plaintiff and Defendant's Contract shall be brought in New Mexico state court—specifically, Valencia County District Court. Further, Plaintiff's reading would also render the clause essentially meaningless, which courts are loathe to countenance. *See Howes,* 2023 WL 1419832, at *60 ("The Court concludes that this clause should be read as conferring mandatory venue in New Mexico State courts, because any other reading would render the phrase 'in accordance with NMSA 1978, § 38-3-1 (G)' meaningless."). These drafting errors are, thus, harmless.

**1. Discovery as to formation of the Contract is not warranted.**

Plaintiff contends that discovery "into the circumstances under which the [c]lause was imposed" is necessary because she purports the forum selection clause is ambiguous. Resp. at 2. The Court rejects this contention. New Mexico law elaborates that courts can only consider the circumstances of contract formation when the contract's language is ambiguous. "[I]f the court determines that the contract is clear and unambiguous on its face, evidence of the circumstances surrounding the transaction is inadmissible *to vary or modify its terms.*" *C.R. Anthony Co. v. Loretto Mall Partners*, 817 P.2d 238, 242 (N.M. 1991). Similarly, in *Milk 'N' More*, the Tenth Circuit rejected a party's request to develop facts at an evidentiary hearing to show that the forum selection clause was obtained through overreaching and was not clearly explained because no affidavit or evidentiary showing had been made to justify such a hearing. 963 F.2d at 1346. Here, the Court finds that the forum selection clause is not ambiguous, and Plaintiff has not made an affidavit or evidentiary showing to justify discovery.[3]

---

[3] Plaintiff asserts that the late addition of the forum selection clause corroborates that discovery is warranted. Resp. at 2–3. As stated, that the Defendant's attorney belatedly added the forum selection clause in the drafting phase does not influence the amount of ambiguity in the clause's

### C. The forum selection clause is mandatory.

A mandatory forum selection clause "contain[s] clear language showing that jurisdiction is appropriate only in the designated forum." *Am. Soda*, 428 F.3d at 926 (quoting *Excell,* 106 F.3d at 321). "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive." *Id.* at 927. Terms such as "exclusive," "sole," or only" usually indicate a forum selection clause's mandatory effect. *Id.*; *see K & V Scientific v. BMW*, 314 F.3d 494, 500 (10th Cir. 2002). Correspondingly, "[t]he use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Milk 'N' More*, 963 F.2d at 1346.

Here, the forum selection clause is plainly mandatory. The language of the clause discloses its mandatory nature: "Venue *shall* be proper *only* in a New Mexico Valencia District Court." Compl. 1-1 at 9 (emphasis added). Employing one of the previously stated terms, e.g., "only," "shall," or "sole," in fixing venue is strongly probative of mandatory effect. The forum selection clause here contains two of these exclusivity modifiers, "shall" and "only," confirming that the clause is mandatory and not permissive.

## III. <u>Enforcing the forum selection clause is not inconvenient</u>.

"[F]orum selection clauses . . . 'should be enforced' unless shown to be unreasonable." *Milk 'N' More*, 963 F.2d at 1343; *see also M/S Bremen*, 407 U.S. at 15. Here, enforcing the forum

---

text. Moreover, Plaintiff does not suggest fraud, coercion, or some undue influence resulted in the addition of the forum selection clause, which may have warranted discovery.

selection clause is not unreasonable, nor does Plaintiff make any such assertion. The selected forum sits in the county where Defendant is located and the Contract specified performance. Litigating in the forum that Plaintiff and Defendant agreed upon represents no significant burden.

## IV. **Enforcing the forum selection clause does not contravene public policy or public interest.**

In evaluating a forum-selection clause, the Court may consider only public interest factors, and not private interests. *Atl. Marine*, 571 U.S. at 64. Additionally, the Court may refuse to enforce a forum selection clause if it would contravene a strong public policy of the forum declared by statute or by judicial decision. *M/S Bremen*, 407 U.S. at 15. Here, Plaintiff does not argue that enforcement of the forum selection clause either interferes with public interest factors or disturbs public policy. Public interest factors counsel resolving this matter in New Mexico state court. The dispute here revolves around a contract performed in New Mexico and turns on New Mexico state law. *See generally* Compl. And public policy confirmed in statute demonstrates an interest in New Mexico state courts for litigating New Mexico-based disputes. *See, e.g.*, NMSA 1978 § 38-3-1.

## V. **The forum selection clause and the *forum non conveniens* dismissal only reach Counts 1 through 5.**

As previously stated, a valid, mandatory clause controls only the claims within its scope, which is determined under ordinary principles of contract interpretation. *Kelvion*, 918 F.3d at 1092. To decide whether claims fall within a forum selection clause, the Tenth Circuit has considered whether they arise directly from the agreement, depend on the agreement's existence, require interpretation of the agreement, and involve the same operative facts as a claim for breach. *Id.* at 1093. The forum selection clause's language is significant: language such as "related to" reaches more broadly than "arising from." *See id.* (contrasting broadening language).

Here, the forum selection clause reaches only Counts 1 through 5 of Plaintiff's Complaint, as these Counts arise directly from the Contract. Counts 1 through 5 seek damages for breach of contract, specific performance, enforcement of the implied covenant, a declaration of rights, and promissory estoppel, all based on the Contract's provisions. *See generally* Compl; Am. Compl. Indeed, each Count arises out of a term in the Contract. Because Counts 1 through 5 are within the forum selection clause, they are dismissed under the doctrine of *forum non conveniens*.

Count 6 of the Complaint, however, is not within the forum selection clause. Count 6 alleges that Defendant failed to comply with the IPRA in responding to Plaintiff's records requests. Am. Compl. at 12–14. Defendant's purported violations under Count 6, then, arise under statute, not under or out of the Contract or its provisions. Additionally, Defendant itself describes the forum selection clause as encompassing only five of Plaintiff's claims. Mot. at 10. Therefore, the forum selection clause does not cover, and accordingly does not require dismissal, of Count 6.[4]

**VI. <u>The Court finds that *DIRTT* does not preclude the holding here</u>.**

The Court addresses a potential issue *sua sponte*, which was not raised by either party: does the Tenth Circuit's holding in *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547 (10th Cir.

---

[4] Defendant requests that the Court decline supplemental jurisdiction over Count 6 under 28 U.S.C. § 1367(c). *See* Mot. at 23–25. Defendant argues that "the claim is a purely state-law statutory cause of action" and "[i]t does not arise from the Contract . . . and presents no federal question." *Id.* at 24. Defendant urges the Court to decline supplemental jurisdiction because "the IPRA claim raises exclusively novel and complex state-law question," "the IPRA claim is factually and legally unrelated to the contract dispute," and "principles of comity and federalism weigh heavily in favor of allowing New Mexico courts to adjudicate claims arising under a New Mexico IPRA directed at New Mexico governmental bodies." *Id.* at 25. Nonetheless, the Court does not decline supplemental jurisdiction over Count 6 because if complete diversity between Plaintiff and Defendant exists and Count 6 meets the amount in controversy requirement, the Court retains jurisdiction under 28 U.S.C. § 1332, and § 1367(c) furnishes no basis for denying this Court's jurisdiction.

2023), prohibit district courts from dismissing claims that fall within a forum selection clause under *forum non conveniens* while retaining jurisdiction over others that fall outside the clause?

The Court does not read *DIRTT* to foreclose enforcement of the forum selection clause here. *DIRTT* addressed whether a district court could employ the doctrine of *forum non conveniens* to dismiss claims against certain defendants while retaining the remainder of the action against other defendants. *See generally id.* The Tenth Circuit held in *DIRTT* that a district court cannot. *Id.* at 555. While this might appear to preclude this Court from dismissing only five of six counts, the Tenth Circuit encountered a distinct set of factual and legal circumstances in *DIRTT* than here. Indeed, in *DIRTT*, the decision and much of its language was scoped to the prospect of having multiple defendants and only some were subject to jurisdiction in the alternative forum such that the case would be bifurcated as to *defendants*. *See id.* at 553–55. Here, by contrast, there is only one Defendant, and it seeks to enforce an independent contractual provision governing the forum for contract-derived claims. The case is not bifurcated between defendants like it was in *DIRTT*, but rather between *claims*—those that fall within purview of the forum selection clause and those that do not. Additionally, unlike in *DIRTT*, the alternative forum here, the relevant New Mexico state court, can properly exercise jurisdiction over Defendant. Finally, the existence of a forum selection here, where one was not present in *DIRTT*, presupposes a disparate factual background and legal analysis. The Supreme Court has held that dismissal for *forum non conveniens* in the context of a forum selection clause is discrete from a traditional *forum non conveniens* dismissal. *See Atl. Marine*, 571 U.S. at 61 (stating that a *forum non conveniens* dismissal under a forum selection clause is analyzed differently than traditional *forum non conveniens* dismissals). With the presence of a valid forum selection clause, "the calculus changes." *Id.* Therefore, *DIRTT*'s holding does not apply to the instant case.

Distinguishing the instant case from *DIRTT* seems prudent as a matter of public policy, as well. If the Court was forced to deny a valid, unambiguous, and mandatory forum selection clause because the selected venue is a state court, then plaintiffs would be emboldened to circumvent otherwise proper forum selection clauses by settling the clause's venue in a state court and filing suit in federal court while appending a count that does not fall within the scope of the forum selection clause. Such a policy would frustrate the established principle that forum selection clauses "should control except in unusual cases." *Id.* at 64. If *DIRTT*'s holding was extended to the instant set of circumstances, even usual cases—such as this—would demand courts deny typical forum selection clauses.

**VII. <u>The Court does not reach Defendant's Rule 12(b)(6) arguments</u>.**

Defendant poses a variety of alternative arguments for dismissal on Rule 12(b)(6) grounds, which the Court does not reach. Because Counts 1 through 5 are dismissed for refiling in their proper state court venue, these alternative grounds are best left to the state court to adjudicate, and this Court expresses no view on their merits.

**CONCLUSION**

Plaintiff's Counts 1 through 5 are dismissed WITHOUT PREJUDICE. Defendant's Motion to Dismiss as to Plaintiff's Count 6 is DENIED. **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is hereby **GRANTED in part and DENIED in part** for the reasons described in this Memorandum Opinion and Order.

______/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE